UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ABC Bus Leasing, Inc., a
Florida corporation,

                Plaintiff,

    vs.

Traveling in Style (TIS) Inc.,
a New York corporation; Joseph
McMillian; Albertha Corneille;
R.V. Williams Jackson; Jasper
Lowry; Roger McMillian; Marie
Blanchard-Green; and Dorothy
Jones Davenport, individually,

                Defendants,

    and

Traveling in Style (TIS) Inc.,
a New York corporation;

                Third-Party Plaintiff,

    vs.

ABC Bus, Inc., a Missouri corporation;
and Frank Sorvino,

               Third-Party Defendants.     Civ. No. 06-4819 (PJS/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

On September 17, 2009, we issued an Order that directed the parties to show cause, in writing, why their respective claims should not be dismissed for failure of prosecution. See, <u>Docket No. 111</u>. In response to that directive, responses were filed by the Plaintiff, and by the Third-Party Defendant. No response was submitted by, or on behalf of, the Defendants, and the Third-Party Plaintiff, and the time for a response has now expired.

In its response, the Plaintiff advises "that the claims subject to arbitration between the Defendant Traveling In Style, Inc. ("TIS") and ABC Bus, Inc. ("ABC Bus") have not completed arbitration," notwithstanding the fact that this legal action has been stayed, in order that arbitration could be pursued by those parties, since September 17, 2007. <u>Plaintiff's Memorandum in Response to Order to Show Cause, Docket No. 112</u>, at p. 1; see also, <u>Order Adopting Report and Recommendation, Docket No. 70</u>. As a result of the failure of TIS and ABC Bus to actively pursue the Court-directed arbitration, the Plaintiff requests that the Stay in this matter be lifted

in order that the Plaintiff can pursue its non-arbitrable claims against TIS, and the other Defendants.

For its response, ABC Bus has detailed, in an Affidavit of its counsel of Record, the protracted delays of TIS in submitted its claims against ABC Bus to arbitration. See, <u>Affidavit of Angela B. Brandt, Docket No. 114</u>. The averments of counsel have not been controverted by TIS, and it appears that ABC Bus is seeking a dismissal of TIS's claims in arbitration due to TIS's interminable delays, and its refusal/inability to pay the arbitration processing fees. <u>Id.</u> at p. 5 of 6 ¶w. Notably, in its Order of September 24, 2008, the District Court, the Honorable Patrick J. Schiltz presiding, expressly directed TIS and ABC Bus to proceed to arbitration "forthwith," and further forewarned that "any party who refuses to arbitrate is acting in contempt of court." <u>Order, Docket No. 93</u>, at p. 2 of 3.

Given this state of affairs, we make two (2) recommendations. First, we recommend that the Stay in this matter be lifted. While, originally, we had recommended the Stay in order to fully implement Rule 1, Federal Rules of Civil Procedure, by minimizing the need for discovery, and Pretrial Motion practice, until the issues in arbitration had been allowed to narrow, or eliminate, any remaining issues in this action, TIS has demonstrated that it is not interested in pursuing any goal

other than delay. Currently, TIS is without legal counsel and, without legal representation, TIS may not pursue any claims or defenses in this Court. By every appearance, a lifting of the Stay will require TIS either to retain legal counsel and pursue its claims in arbitration, and before this Court, or risk a default.

Second, we recommend that the District Court issue an Order for TIS to Show Cause why it should not be held in civil contempt of Court for abjectly refusing to comply with the directives of the Court to timely pursue its claims in arbitration. If TIS has cause for its interminable delays, then it can apprise the Court of that cause through a legal representative.[1]

---

[1]In a letter to the District Court dated March 7, 2009, the management of TIS sought direction from the Court as to how to proceed if it were to lose legal representation, and copied the Court with a letter management had sent to the arbitrator. See, <u>Docket No. 107</u>. In a response dated March 20, 2009 -- TIS's letter not having been received by the Court until March 19, 2009 -- the District Court advised that it could not provide TIS with legal advice, but expressly placed TIS on notice of the following:

> A corporation may not represent itself in federal court; it must be represented by an attorney. If you are unable to find an attorney to represent Traveling in Style, a default judgment may be entered against the company, and its claims against ABC Bus Leasing may be dismissed.

<u>Docket No. 106</u>, at p. 1 of 1.

Notwithstanding that forewarning, TIS has not obtained legal representation in this
(continued...)

NOW, THEREFORE, It is --

RECOMMENDED:

1.      That the Stay in this matter be lifted forthwith.

2.      That an Order be issued to the Defendants, and Third Party Plaintiff Traveling in Style (TIS) Inc., directing each to show cause, through a legal representative, why it should not be held in civil contempt of Court.


DATED: September 28, 2009                    *s/Raymond L. Erickson*
                                             Raymond L. Erickson
                                             CHIEF U.S. MAGISTRATE JUDGE

## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than**

---

[1](...continued)

matter, and did not actively oppose the withdrawal of the attorneys who had formerly represented TIS in this action.  TIS's counsel in the arbitration proceeding also withdrew from his representation of TIS and, in fact, TIS's <u>ex parte</u> communication with the arbitrator -- by the same letter that TIS copied to the District Court -- resulted in the arbitrator's disqualification.  In a word, TIS's delays have been heaped upon its other delays.

**October 13, 2009**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than October 13, 2009**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.